# Exhibit C

Case 2:21-cv-00894-PLD   Document 1-4   Filed 07/13/21   Page 1 of 12

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Kelly Dunkle**<br>2666 Railroad Street<br>Bethel Park, PA 15102<br><br>    Plaintiff,<br><br>    v.<br><br>**Sheetz, Inc.**<br>4599 Library Road<br>Bethel Park, PA 15102<br><br>    Defendant | CIVIL DIVISION<br><br>Docket #:  GD-20-011651<br><br><br><br>**COMPLAINT IN CIVIL ACTION**<br><br><br>Filed on behalf of:  Plaintiff.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.:  92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.:  309832<br><br>PRAETORIAN LAW GROUP, LLC<br>515 Court Place, Ste 4<br>Pittsburgh, PA  15219<br>(412) 281-6600 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **Kelly Dunkle**, | ) | |
| | ) | CIVIL DIVISION |
| Plaintiff, | ) | |
| | ) | Docket #: GD-20-011651 |
| v. | ) | |
| | ) | |
| **Sheetz, Inc.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Kelly Dunkle**, | ) |
| Plaintiff, | ) CIVIL DIVISION |
| | ) |
| v. | ) Docket #: GD-20-011651 |
| | ) |
| **Sheetz, Inc.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

# COMPLAINT

AND NOW come plaintiff Kelly Dunkle through counsel, who aver as follows:

## THE PARTIES

1. Plaintiff Kelly Dunkle is an adult individual and resides at 2666 Railroad Street, Bethel Park, PA 15102.

2. Defendant Sheetz, Inc is a corporation and conducts its general business operations at 4599 Library Road, Bethel Park, 15102.

3. Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

4. Defendant employs more than 15 individuals.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of his race. Plaintiff dual filed his Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

6. Plaintiff has received a Right to Sue letter from the EEOC and this action was commenced within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

7. Plaintiff is woman and was born on June 9, 1965.

8. On or around October 2018, Plaintiff obtained employment with defendant as a sales associate at defendant's store located at 4599 Library Road, Bethel Park, PA 15102.

9. Plaintiff suffers from serious health conditions, which include but are not limited to COPD, high blood pressure and has had her spleen removed.

10. As a result of her health conditions, Plaintiff was unable to wear a mask during the COVID-19 pandemic.

11. Furthermore, Plaintiff's medical conditions placed her at a higher risk of serious complications if she contracted COVID-19.

12. Plaintiff informed Defendant of her health conditions and she requested a reasonable accommodation for her disabilities.

13. Plaintiff's medical provider recommended that she be provided with the following reasonable accommodations:

   a. limiting Plaintiff's work schedule to reduce exposure to COVID-19; and

   b. excusing Plaintiff from wearing a mask if required to work.

14. Plaintiff was informed by Defendant that no attendance/tardiness points would be assigned to her during the COVID-19 outbreak as a way to accommodate her requests for reasonable accommodations.

15. In spite of this representation, Defendant continued to assess points against her for days that she was unable to report to work.

16. At all times relevant to this matter, Defendant never informed Plaintiff that it did not intend to honor her medical provider's restrictions or requests for accommodation.

17. On July 8, 2020, Plaintiff was terminated from her employment by Defendant.

18. Plaintiff was informed that she was being terminated for violating the attendance/tardiness policy.

19. Plaintiff believes and therefore avers that Defendant's explanation for her termination is pretext.

20. Plaintiff believes and therefore avers that Defendant terminated her employment as result of suffering from serious health conditions/disabilities, for requesting a reasonable accommodation and as a result of her age.

21. Plaintiff was fifty-five(55) years of age at the time she was terminated.

22. Plaintiff believes and therefore avers that Defendant hired a younger and healthier individual following her termination.

23. Further, Plaintiff was not provided with any information concerning her eligibility for FMLA.

24. Had Defendant provided her with this information, Plaintiff would have applied for FMLA to protect her employment during the COVID-19 outbreak.

25. Plaintiff believes and therefore avers that Defendant neglected to provide her with this information with the intention of counting her missed days of work against her in an effort to terminate her employment.

### INJURIES AND DAMAGES

26. As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

   a. Plaintiff lost income, employment benefits and her financial security;

   b. Plaintiff suffered damage to her reputation;

   c. Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

   d. Plaintiff suffered and continues to suffer from a diminution in enjoyment of her life;

   e. Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

   f. Attorneys' fees and costs.

## COUNT ONE – DISABILITY DISCRIMINATION

27. The prior paragraphs of this Complaint are incorporated herein by reference.

28. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

29. With reasonable accommodation Plaintiff could perform the essential functions of her position.

30. Defendant by their conduct, have engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq*.

31. These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from her employment.

32. It is believed and therefore averred that these unlawful practices were intentional on the part of Defendant.

33. It is believed and therefore averred that Defendant intentionally discriminated against Plaintiff because of his seeking protection under the Americans with Disabilities Act,

suffering from COPD, high blood pressure, lack of a spleen and/or requesting reasonable accommodation.

34. These unlawful practices were committed by the Defendant to deprive Plaintiff of her rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

35. These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of her disability.

36. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

37. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

   a. The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Americans with Disabilities Act as amended.
   b. The entry of a permanent injunction enjoining Defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that Defendants no longer discriminate on the basis of disability.
   c. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.
   d. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
   e. The award of punitive damages.
   f. The award of such other relief as may be just and proper.

## COUNT TWO – DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

38. All preceding paragraphs are whereby incorporated herein as if set forth at length.

39. Plaintiff is a member of a protected class under the ADEA.

40. Plaintiff was born on June 9, 1965 and as 55 years of age at the time being fired from her employment.

41. Plaintiff was discriminated against because she was an "older" employee who had seniority and higher wages.

42. Plaintiff was discriminated against by Defendant by terminating her employment because of her age.

43. Defendant filled all positions that Plaintiff was terminated from with less qualified, less experienced and younger employees.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c) The immediate assignment of Plaintiffs to such position as they would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiffs would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

g) Liquidated damages and/or penalties.

h) The award of such other relief as may be just and proper.

## COUNT THREE - COMPENSATORY DAMAGES UNDER THE FMLA 29 U.S.C. §§ 2601-2654

44. the prior paragraphs of this Complaint are incorporated herein by reference.

45. Defendant qualifies as an "employer" as defined by the FMLA.

46. Plaintiff qualifies as an "eligible employee" as defined by the FMLA.

47. Plaintiff was and/or should have been qualified for an "entitlement to leave" as defined by the FMLA §2612(a)(E).

48. Defendant denied Plaintiff's request for FMLA, withheld FMLA information from her and/or her entitled relief as prescribed under the Act.

49. Plaintiff was not provided any information concerning her application for FMLA, retention of her position, and restoration of her position following the procedure.

50. Defendant denied Plaintiff's request for her position to be maintained and restored in violation of the FMLA.

51. Defendant retaliated against Plaintiff for using leave protected under the Act.

52. Defendant violated the FMLA and Plaintiff seeks relief against them for the same as more fully outlined above and as permitted under §2617(a).

**WHEREFORE**, Plaintiff prays for judgment in her favor against Defendant and an award of damages in excess of $35,000.00 exclusive of interests and costs.

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

     /s/ Peter T. Kobylinski
Peter T. Kobylinski, Esquire
PA ID No.:  309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated:  June 22, 2021         *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

    /s/ Peter T. Kobylinski, Esquire
Peter T. Kobylinski, Esquire (PA ID # 309832)\

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing papers has been sent by regular mail to the following:

**Sheetz, Inc.**
4599 Library Road
Bethel Park, PA 15102

June 22, 2021                                                      /s/ Peter T. Kobylinski
                                                                                         PETER T. KOBYLINSKI